***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 3, affirmed April 5, 2023

In the Matter of the Marriage of

Bahram JAHANGIRI,
*Petitioner-Appellant,*
*and*

Bonnie Marie JAHANGIRI,
nka Bonnie Marie French,
*Respondent-Respondent.*

Multnomah County Circuit Court
14DR08006; A171964

Amy Holmes Hehn, Judge.

Bahram Jahangiri filed the brief *pro se*.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Husband appeals from a general judgment of dissolution, raising eight assignments of error pertaining to the trial court's property division and spousal support award. Unfortunately, we are unable to review the assignments of error, because the record on appeal does not contain any of the transcripts of the dissolution trial where evidence and testimony were presented.

Absent exceptional circumstances justifying review *de novo*, we review the trial court's decision as to a property division and spousal support for an abuse of discretion. *See Morgan and Morgan*, 269 Or App 156, 161, 166, 344 P3d 81, *rev den*, 357 Or 595 (2015) (so stating for property division and spousal support awards). "Absent an error in methodology or an outcome outside of the legally permissible range, we will affirm a trial court's determination as to what property division is just and proper." *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 224 (2018); *see Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012) (trial court's spousal support award will be upheld if it represents "a choice among legally correct alternatives").

To facilitate our review, the "appellant bears the burden of providing a record sufficient to demonstrate that error occurred." *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). If the record is insufficient, we may decline to review the issue. ORS 19.365(5). We recognize that, as a *pro se* appellant, husband may not have realized the necessity of the trial transcripts to our review on appeal. However, on this record, which does not contain the evidence presented at the dissolution trial, we cannot determine whether the trial court made a choice that was outside of the range of legally permissible outcomes. Because the trial transcripts are necessary to evaluate husband's assignments of error and they have not been provided, we conclude that the issues raised in husband's appeal are unreviewable.

Affirmed.